IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KRISTIN L. WILLIAMS,

            Plaintiff

    VS.                          NO. 5:08-CV-13 (CWH)

MICHAEL J. ASTRUE,                 SOCIAL SECURITY APPEAL
COMMISSIONER OF SOCIAL SECURITY,

            Defendant

# O R D E R

       This is a review of a final decision of the Commissioner of Social Security denying plaintiff KRISTEN L. WILLIAMS' claim for benefits under the Social Security Act, 42 U.S.C. § 423. Both parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment may, by law, be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

       On October 27, 2004, plaintiff Williams applied for a period of disability, disability insurance benefits, and Supplemental Security Income (SSI). Therein, she alleged that she became disabled on July 15, 2003 due to degenerative disc disease, a left wrist injury, headaches, and neck pain. Her application was denied initially and upon reconsideration. She requested a hearing before an administrative law judge ("ALJ") which was held on October 24, 2006. A subsequent supplemental hearing was held on June 14, 2007. Following these hearings, the ALJ found in a written decision dated September 26, 2007 that the plaintiff was not disabled. The Appeals Council denied plaintiff's subsequent request for review, making the hearing decision the final decision of the Commissioner. Thereafter, on January 18, 2008, plaintiff filed the instant Complaint. Tab #1.

       In response, the Commissioner filed an Answer (Tab #9), the administrative record (Tab #11), and a memorandum in support of his Answer (Tab #13). In addition to her Complaint, plaintiff Williams also filed a supporting brief. Tab #12. This matter is now ripe for review.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one.

The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir. 1981).

A claimant asserting entitlement to benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition, and with regard to claims for a period of disability and disability insurance benefits, the plaintiff must meet the insured status requirements set forth in sections 216(i) and 223 of the Social Security Act.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

With respect to analyzing the issue of disability, the Commissioner utilizes a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, and only if necessary, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

At the time of the ALJ's decision, plaintiff Williams was twenty-six (26) years old. She had an eleventh grade education, a GED, and some college. Her prior work experience included working in fast food and as a loan clerk. She has alleged disability arising from a laceration to her left hand and back pain. Following the hearings, and in the written decision, the ALJ first noted that plaintiff met the insured status requirements of the Social Security Act through March 1, 2009. The ALJ then proceeded to employ the five step evaluation process identified above.

At step one, the ALJ observed that the plaintiff had not been engaged in substantial gainful activity since her alleged disability onset date. At step two, the ALJ found that plaintiff Williams suffers from the severe impairments of degenerative disc disease and residuals of a left wrist injury. At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in Appendix 1 of Part 404 of the regulations.

Accordingly, and before moving on to step four, the ALJ evaluated the plaintiff's residual functional capacity (RFC). In concluding that the plaintiff had the RFC to perform a limited range of light work, the ALJ specifically noted that the plaintiff could:

> *lift and carry up to 20 pounds occasionally; stand and/or walk up to 6 hours in an eight hour work day; sit (with normal breaks) for a total of up to five hours per eight-hour workday, but no more than one hour at a time. The plaintiff can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, can occasionally balance, stoop, kneel, crouch, or crawl; and can occasionally handle, finger, or feel with the left hand, which is the dominant extremity. The claimant can never work around hazards and vibration.*

In view of these limitations, the ALJ resolved that the plaintiff would be unable to perform any of her past relevant work. As such, and at step five, the ALJ then considered whether other suitable work was available to the plaintiff. Given the plaintiff's RFC, age, education, and past work experience, and in reliance upon the testimony of a vocational expert, the ALJ found several jobs that exist in significant numbers in the national economy that the plaintiff could perform. Accordingly, the ALJ concluded that the plaintiff was not disabled.

## PLAINTIFF'S CLAIMS

In her Complaint, plaintiff Williams declared that she had made out a *prima facie* case of disability and that, in denying her application, the ALJ erred in the consideration of her treating physicians' opinions, erred in evaluating her credibility, and erred by failing to find that her impairments met one of the listed impairments. Moreover, she alleged that the ALJ's decision was not supported by substantial evidence, that the Appeals Council abused its discretion by failing to consider her request for review, and that the Commissioner had failed to meet his burden. Thus, she has essentially asserted every available argument for remand or reversal.

Subsequently, and in her Statement of the Issues in her brief in support, plaintiff Williams only posed the following:

> *Whether the Commissioner improperly rejected the opinions of treating and examining physicians, failed to apply the correct standards concerning diagnosis and statements of treating physicians, and failed to properly evaluate and explain the weight given to the medical evidence.*

Thereafter, and throughout the remainder of her brief, she primarily argues that the ALJ improperly rejected the opinions of disability offered by her treating and/or examining physicians, Dr. Harvey Jones and Dr. Jeffrey Fried.

## DISCUSSION

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner is required to "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary.  *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

With regard to these physicians' opinions, a review of the ALJ's written decision reveals that the ALJ afforded little, if any, weight to the opinions of Dr. Jones and considerable, though not absolute, weight to those of Dr. Fried.  In so doing, the ALJ provided a sufficiently detailed description of the opinions as well as a thorough account of the evidence upon which the opinions relied.  The ALJ then went on to consider how this evidence of record was either consistent with or contrary to the instant opinions.

After completing this analysis, the ALJ concluded that certain evidence was either contrary to and/or simply not supportive of the severe degree of limitation asserted by the physicians in their opinions. In view of these observations, the ALJ proceeded to make findings as to the degree of the plaintiff's limitations by, *inter alia*, affording significant weight to and/or adopting those parts of the physicians' opinions which had a proper evidentiary foundation. The ALJ's use of this procedure is legally appropriate and the resulting decision appears to be supported by substantial evidence. Accordingly, the plaintiff's arguments on this point are without merit.

In addition, and to the extent that plaintiff Williams raises a separate complaint about the ALJ's treatment of her assertions concerning symptoms and their impact on her ability to work, this argument is also without merit. The ALJ's decision cites <u>and properly applies</u> the correct legal standard for such an evaluation. Furthermore, and in the context of this evaluation, the ALJ articulated her reasoning and the evidentiary basis for her decision

Finally, and with regard to the plaintiff's arguments criticizing the ALJ's findings about her handling ability, the undersigned notes that plaintiff's arguments cite to and rely upon the handling requirements of unskilled sedentary jobs. Because the ALJ concluded that the plaintiff could perform light, as opposed to sedentary, work, coupled with the fact that the handling requirements of light work are quite different, this argument is clearly misplaced and must fail.

## CONCLUSION

For the reasons hereinabove set forth, the undersigned concludes that the Commissioner's final decision is supported by substantial evidence and was reached through a proper application of the pertinent legal standards. Accordingly, the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** this 30th day of MARCH, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE